| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7066 |

PLAINTIFF(S) / PETITIONER(S):   Quinten Fernald

DEFENDANT(S) / RESPONDENT(S):   Southwest Airlines Co

FERNALD VS. SOUTHWEST AIRLINES CO

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2011-00085003-CU-BC-CTL |
|---|---|

Judge: Joel M. Pressman                              Department: C-66

**COMPLAINT/PETITION FILED:** 02/02/2011

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

SDSC CIV-721 (Rev. 11-06)                                                                                                Page: 1

NOTICE OF CASE ASSIGNMENT                                    **EXHIBIT A-6**

**FERNALD LAW GROUP LLP**
RACHEL D. STANGER (BAR NO. 200733)
BRANDON C. FERNALD (BAR NO. 222429)
510 W 6th St, Suite 700
Los Angeles, CA 90014
Telephone: (323) 410-0300
Facsimile: (323) 410-0330
E-Mail: rachel.stanger@fernaldlawgroup.com
brandon.fernald@fernaldlawgroup.com

Attorneys for Plaintiff Quinten Fernald members of the proposed Class

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

QUINTEN FERNALD, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1-10, inclusive,

Defendants.

Case No. **37-2011-00085003-CU-BC-CTL**

**CLASS ACTION**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

(1) **Breach of Contract**
(2) **Unjust Enrichment**
(3) **Violations of the Consumer Legal Remedies Act (Civil Code § 1750,** *et seq.***)**
(4) **Violations of the Unfair Competition Law (Bus. & Prof. Code § 17200,** *et seq.***)**
(5) **Violations of the False Advertising Law (Bus. & Prof. Code § 17500,** *et seq.***)**

ORIGINAL

DOCUMENT PREPARED ON RECYCLED PAPER

**EXHIBIT A-7**

Plaintiff Quinten Fernald ("Plaintiff"), by and through his attorneys, brings this action on behalf of himself and members of the proposed Class against Defendant Southwest Airlines Co. ("Southwest"), and, except for information based on his own personal knowledge, alleges on information and belief based on the investigation conducted by his counsel as well as those facts that are a matter of public record, as follows:

## INTRODUCTION

1. For years now, Southwest has maintained a first come first serve boarding system. Rather than assigning seat numbers at the time of purchase, Southwest assigns a boarding position at the time of check-in. Passengers fall into one of three boarding categories—A, B or C—and each obtain a number from 1-60 within a category. Passengers are boarded in order of their category, and number (the "Boarding Slot")—e.g., a passenger with Boarding Slot A21 would board ahead of a passenger with Boarding Slot B36. Thus, passengers in the A category board first, in order of their assigned number, followed by passengers in the B Category, etc.

2. As a result of Southwest's unique boarding process, Southwest passengers have come to place a premium on obtaining a better Boarding Slot. A better Boarding Slot means a better choice of seating, as well as bin space (generally, overhead luggage space is full by the time many B and C category passengers board, forcing them to check their baggage). Southwest, in turn, has sought to capitalize on this fact by *inter-alia* shutting down third-party websites that offer automatic check-in services for Southwest flights, and offering passengers better Boarding Slots for additional fees. As examples, Southwest frequent fliers can achieve "A-List" status after a certain number of flights, which guarantees a Boarding Slot in the A boarding category. Passengers may also purchase, for an additional fee, a "Business Select" ticket, which guarantees a Boarding Slot between A1 and A15.

3. This class action lawsuit is directed to a third program known as "Early Bird Check-In" ("EBCI"), introduced by Southwest in approximately 2009. According to Southwest, for an additional $10 each way, EBCI passengers are automatically checked in between 25 and 36 hours prior to the schedule flight time, guaranteeing them a better Boarding Slot than any general

1  boarding passenger (general boarding passengers can check in, at the earliest, 24 hours prior to
2  the scheduled flight time and are awarded Boarding Slots in order of their check-in, but behind A-
3  List, Business Select passengers and EBCI passengers ("General Boarding Passengers")). In a
4  significant number of instances, however, EBCI passengers received Boarding Slots that were
5  behind General Boarding Passengers. As a result, EBCI passengers did not receive the benefit
6  they were promised for the additional $10 fee. Southwest further refused to refund the EBCI fee
7  to EBCI passengers who ended up receiving Boarding Slots that were behind General Boarding
8  Passengers.

## THE PARTIES

10  4.  Plaintiff is an individual who resides in San Diego County, California.
11  5.  Upon information and belief, Southwest is a corporation founded under the laws of
12  Texas that does substantial business in San Diego County, California.
13  6.  Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1
14  through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will
15  amend this complaint to allege their names and capacities when they have been ascertained. On
16  information and belief, each of the fictitiously named defendants is at all relevant times
17  responsible in some manner for the occurrences alleged in this complaint. The alleged acts and/or
18  omissions are a direct and proximate cause of Plaintiff's injuries.
19  7.  Plaintiff is informed and believes, and on that basis alleges, that all defendants,
20  including the fictitious Doe defendants, were at all relevant times acting as actual agents,
21  conspirators, ostensible agents, partners and/or joint venturers and employees of all other
22  defendants, and that all acts alleged herein occurred within the course and scope of said agency,
23  employment, partnership, join venture, conspiracy and/or enterprise, and with the express and/or
24  implied permission, knowledge, consent, authorization and ratification of their co-defendants.

## JURISDICTION AND VENUE

26  8.  This Court has jurisdiction over the entire action by virtue of the fact that this is a
27  civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the

28

DOCUMENT PREPARED ON RECYCLED PAPER

EXHIBIT A-9

1  jurisdictional minimum of the Court. The acts and omissions complained of in this action took
2  place, in whole or in part, in the State of California. Venue is proper because the acts and/or
3  omissions complained of took place, in whole or in part, within the venue of this Court.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. In a further effort to profit on the premium Southwest passengers have come to place on receiving better Boarding Slots, Southwest introduced EBCI in approximately 2009.

10. According to its Internet website at www.southwest.com:

> [EBCI] is a new, low-cost option that gives you the benefit of having an automatically assigned boarding position, allowing you to board earlier than Customers using our traditional checkin procedures. As an [EBCI] Customer, you will have a better opportunity to select your preferred seat and have greater access to overhead bin storage for your carryon luggage than our general boarding Customers. This affordable option automatically reserves for you the next best boarding position available, allowing you to board the plane after Business Select Customers and Rapid Rewards A-List Members.
>
> * * *
>
> [A]s an [EBCI] Customer you will definitely get a better boarding position than Customers in the general boarding group.

11. According to the website, the purchase of EBCI guarantees the passenger a better Boarding Slot than any General Boarding Passenger, because EBCI passengers are automatically checked in between 25 and 36 hours prior to the scheduled flight time. Thus, EBCI passengers purportedly receive their assigned Boarding Slot before any General Boarding Passenger can check in (24 hours prior to the schedule flight time).

12. Passengers are prompted to purchase EBCI at the time of the initial ticket purchase, but may also purchase EBCI at any time prior to the scheduled departure.

13. The cost of EBCI is $10 each way. Thus, for a standard round trip ticket between two destinations, the total cost of EBCI would be $20.

14. Not disclosed by Southwest is the fact that in many instances, an EBCI passenger will not receive the promised benefit—a Boarding Slot that is ahead of the General Boarding Passengers group.

15. As an example, passengers who purchase EBCI between 25 and 36 hours prior to the scheduled flight time in many instances do not receive EBCI status and are not automatically checked in. As a result, these EBCI passengers receive their Boarding Slot when they check in at the airport, and thus fall into the General Boarding Passengers group.

16. As another example, Southwest 'recycles' Boarding Slots. As a result, cancellations or flight changes allow previously held Boarding Slots to go back into the system and become available for passengers checking in. In many instances, General Boarding Passengers receive these recycled Boarding Slots, which are ahead of the EBCI group.

17. As another example, General Boarding Passengers on flights for which there are multiple legs, in many instances receive better Boarding Slots than EBCI passengers on later legs of the scheduled flight.

18. Additionally, Southwest allows passengers to purchase EBCI between 1 and 24 hours prior to flight time, meaning the EBCI passenger will be checked in, if at all, at the same time General Boarding Passengers are themselves checking in.

19. The result is that in many instances EBCI passengers are not receiving the promised benefit of paying the additional $10, in that they receive a Boarding Slot in the General Boarding Passengers group.

20. Southwest is aware of the fact that EBCI passengers will often not receive the promised benefit, and indeed can determine in each particular instance whether or not a specific EBCI passenger received the benefit promised.

21. While Southwest has received numerous complaints concerning EBCI, Southwest does not refund the $10 fee. If pressed, Southwest will sometimes provide a credit on a future flight to EBCI passengers who did not receive the promised benefit of EBCI.

22. In or about September 2009, Plaintiff and his companion booked a round trip, general boarding tickets for a trip from San Diego, California to Las Vegas, via www.southwest.com. Neither purchased EBCI.

23. During the course of booking the trip, however, Plaintiff read the EBCI disclosures on the website, and understood that with EBCI he would be ensured a Boarding Slot ahead of any General Boarding Passenger. Plaintiff further understood from the disclosures that he could purchase EBCI and would thereby receive the benefit of EBCI—he would be checked in automatically prior to any General Boarding Passenger and would receive a Boarding Slot that was ahead of any General Boarding Passenger.

24. Prior to making the return trip from Las Vegas to San Diego on or about October 26, 2009, Plaintiff determined that he would not have access to a computer in order to check in, well in advance of the scheduled flight, and therefore made the decision to purchase EBCI. His decision to purchase EBCI was made in reliance upon Southwest's representations that such purchase would guarantee a Boarding Slot ahead of the General Boarding Passengers group.

25. Plaintiff purchased the EBCI option for his return trip. His companion, however, did not purchase EBCI.

26. Both arrived at the airport approximately 1.5 hours prior to the scheduled flight time and used a Southwest kiosk to obtain their respective boarding passes. Plaintiff, an EBCI passenger, received a B Boarding Slot that was about 20 slots *behind* that of his companion, who was a General Boarding Passenger.

27. Following his return to San Diego, Plaintiff contacted Southwest to inquire about EBCI, and was told that EBCI only guaranteed one a seat on the plane; that perhaps a cancellation had resulted in his companion receiving a better seat; and that the system had failed to register Plaintiff as an EBCI passenger. Plaintiff was not offered a refund of the EBCI fee.

28. In September 2010, Plaintiff and his companion each booked a round trip, general boarding ticket from San Diego, California to Providence, Rhode Island via www.southwest.com. Neither purchased EBCI.

29. During the course of booking the flights, however, Plaintiff read the EBCI disclosures on the website, and understood that with the purchase of EBCI he would be ensured a Boarding Slot ahead of any General Boarding Passenger.

DOCUMENT PREPARED ON RECYCLED PAPER

30. Prior to making the return trip from Providence to San Diego, Plaintiff determined that he would not have access to a computer in order to check in, well in advance of the scheduled flight, and therefore made the decision to purchase EBCI. His decision to purchase EBCI was made in reliance upon Southwest's disclosures that such purchase would guarantee a Boarding Slot ahead of the General Boarding Passengers group. Plaintiff further surmised that his last experience with Southwest must have been a fluke and that EBCI would work as promised.

31. Plaintiff purchased the EBCI option for his return trip between 25 and 36 hours prior to his scheduled flight time. His companion, however, did not purchase EBCI.

32. Both arrived at the airport approximately 1.5 hours prior to the scheduled flight time and used a Southwest kiosk to obtain their respective boarding passes. Plaintiff, an EBCI passenger, once again received a Boarding Slot that was about 20 to 25 slots *behind* that of his companion, who was a General Boarding Passenger.

33. Upon inquiring at the gate about this circumstance, Plaintiff was alternatively told that EBCI only guaranteed one a seat on the plane; that perhaps a cancellation had resulted in his companion receiving a better seat; and that the system had failed to register Plaintiff as an EBCI passenger. Plaintiff was not offered a refund of the EBCI fee.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on his own behalf and on behalf of all persons similarly situated pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent the following class:

> All persons nationwide who purchased EBCI between the program's inception and the present (the "Class").

35. Excluded from the Class are governmental entities, Southwest, any entity in which Southwest has a controlling interest, and Southwest's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

DOCUMENT PREPARED ON RECYCLED PAPER

36.     Plaintiff's claims are typical of the claims of the Class. Plaintiff is a member of the Class he seeks to represent. Plaintiff is a member of a class of consumers, and the members of this class of consumers were similarly situated and similarly affected by the conduct alleged of Southwest, and incurred similar damage, as alleged in this complaint, as a result of the conduct of Southwest. Members of the Class are ascertainable from Plaintiff's description of the Class and/or Southwest's records and/or records of third parties accessible through discovery.

37.     Common questions of law and fact impact the rights of each member of the class and a common remedy by way of permissible damages, restitutionary disgorgement and/or injunctive relief is sought for the Class.

38.     There are numerous and substantial questions of law and fact common to all members of the class which will predominate over any individual issues. These common questions of law and fact include, without limitation:

   a.   Whether in fact EBCI failed to provide purchasers with a Boarding Blot ahead of General Boarding Passengers group;

   b.   Whether Southwest represented to Plaintiff and the Class that purchase of EBCI guarantees a benefit that in fact was not guaranteed;

   c.   Whether Southwest has knowingly represented to Plaintiff and the Class that purchase of EBCI guarantees a benefit that in fact was not guaranteed;

   d.   Whether Southwest fraudulently concealed from or failed to disclose to Plaintiff and the Class that EBCI failed to guarantee a Boarding Slot ahead of General Boarding Passengers a material percentage of the time;

   e.   Whether Southwest had a duty to disclose to Plaintiff and the Class that EBCI failed to guarantee a Boarding Slot ahead of General Boarding Passengers in a significant number of instances;

   f.   Whether Southwest breached its contract with Plaintiff and members of the Class when EBCI purchasers did not receive a Boarding Slot ahead of general boarding passengers;

DOCUMENT PREPARED
ON RECYCLED PAPER

EXHIBIT A-14

   g. Whether Southwest engaged in unfair, unlawful or fraudulent business practices;

   h. Whether Southwest violated the Consumer Legal Remedies Act; and

   i. Whether Southwest was unjustly enriched in selling a benefit that was not delivered.

39. The representative Plaintiff will fairly and adequately represent the members of the Class and has no interests which are antagonistic to the claims of the Class. Plaintiff has retained counsel who are competent and experienced in consumer class action litigation.

40. Plaintiff and the Class members have all suffered and will continue to suffer harm and damages due to Southwest's wrongful conduct. A class action is superior to other methods for the fair and efficient adjudication of the subject controversy. Absent a class action, most proposed Class members will likely find the cost of litigating their individual claims to be prohibitive and will have no effective remedy at all. Therefore, absent a class action the proposed Class members' injuries will not be redressed and Southwest's misconduct will proceed without remedy.

41. Class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and litigants and promotes consistency and efficiency of adjudication.

42. The persons in the class are so numerous that joinder of all such persons individually in this case is impracticable.

43. Southwest has acted on grounds generally applicable to the entire class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Southwest.

DOCUMENT PREPARED ON RECYCLED PAPER

44. Without a class action, Southwest will likely retain the benefit of its wrongdoing and will continue a course of action, which will result in further damages to Plaintiff and the Class. Plaintiff envisions no difficulty in the management of this action as a class action.

### FIRST CLAIM FOR RELIEF

#### (Breach of Contract)

45. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 44 as though fully set forth herein.

46. The purchase of EBCI by Plaintiff and the Class for a $10 fee, contractually obligated Southwest to automatically check Plaintiff and the Class members in and to assign a Boarding Slot ahead of any General Boarding Passenger.

47. Southwest breached their contracts with Plaintiff and the Class members by failing to automatically check them in and/or assign them a Boarding Slot in advance of the General Boarding Passengers Group.

48. As a result of Southwest's aforesaid breaches of contract, Plaintiff and plaintiff Class members were damaged by being charged for a service that was not provided.

49. Plaintiff and plaintiff Class members have therefore been damaged by the acts of Southwest in an amount to be proven at trial.

### SECOND CAUSE OF ACTION

#### (Unjust Enrichment)

50. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 49 as though fully set forth herein.

51. Southwest has received a benefit at the expense of Plaintiff and plaintiff Class members.

52. Southwest improperly charged Plaintiff and plaintiff class members a fee for purchasing EBCI, despite not providing the benefits promised. Southwest has received a benefit and has unjustly retained this benefit at the expense of Plaintiff and the Class.

53. As a direct and proximate result of Southwest's misconduct, Plaintiff and plaintiff Class members have incurred monthly fees for services not provided and are thereby entitled to restoration of their monies.

### THIRD CLAIM FOR RELIEF

**(Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*)**

54. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 53 as though fully set forth herein.

55. This cause of action is brought pursuant to the Consumers Legal Remedy Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA").

56. The CLRA applies to Southwest's actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

57. Plaintiff and members of the Class are "consumers" within the meaning of Cal. Civ. Code § 1761(d).

58. The products that Plaintiff and each member of the Class purchased from Southwest are "services" within the meaning of Cal. Civ. Code § 1761(a).

59. Southwest has violated and continues to violate the CLRA in at least the following respects:

    a. Southwest has represented that EBCI has characteristics and benefits that it does not have (Cal. Civ. Code § 1770(a)(5));

    b. Southwest has represented that EBCI is of a particular standard when it is not (Cal. Civ. Code § 1770(a)(7)); and

    c. Southwest has represented has advertised EBCI with an intend not to sell it as advertised (Cal. Civ. Code § 1770(a)(9).

60. Plaintiff requests that this Court enjoin Southwest from continuing to employ the unlawful methods, acts and practices alleged above, pursuant to Cal. Civ. Code § 1780(a)(2). Unless Southwest is permanently enjoined from continuing to engage in such violation of the

DOCUMENT PREPARED ON RECYCLED PAPER

1  CLRA, future consumers of Southwest's products will be damaged by Southwest's acts and
2  practices in the same way as have Plaintiff and members of the Class.
3      61.    Plaintiff and members of the Class are not seeking damages for this claim at this
4  time. Plaintiff and members of the Class will seek damages pursuant to Cal. Civ. Code § 1782 if
5  Southwest does not correct, repair, replace or otherwise rectify the deceptive practices
6  complained of herein within 30 days from the service of this Complaint.
7      62.    **Notice Pursuant to California Civil Code § 1782: Plaintiff hereby demands**
8  **that within thirty (30) days of service of this Complaint, Southwest corrects, repairs,**
9  **replaces or otherwise rectifies the deceptive practices complained of herein for the entire**
10  **Class pursuant to California Civil Code § 1770. Failure to do so will result in Plaintiff**
11  **amending this Complaint to seek damages for such deceptive practices pursuant to**
12  **California Civil Code § 1782.**

### FOURTH CLAIM FOR RELIEF

(Statutory Unfair Competition, Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

15      63.    Plaintiff realleges and incorporates by reference the allegations contained in
16  Paragraphs 1 through 62 as though fully set forth herein.
17      64.    Southwest's conduct as alleged herein constitutes unfair competition in that such
18  acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or practices in
19  violation of California Business & Professions Code §§ 17200, *et seq.* (the "UCL").
20      65.    Defendants violated and continue to violate the UCL through one or more of the
21  following unlawful practices:
22      a.    Violating the False Advertising Law, Cal. Bus. & Prof. Code § 17500, by
23  advertising EBCI service as providing a benefit that it did not consistently provide;
24      b.    Violating the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et*
25  *seq.*, as described herein; and
26      c.    Violating the other statutes and common law causes of action as alleged in
27  the instant Complaint.
28

DOCUMENT PREPARED
ON RECYCLED PAPER

- 11 -

66. Defendants violated and continue to violate the UCL through one or more of the following unfair and/or fraudulent practices:

   a. Selling to Plaintiff and Class members EBCI service that did not consistently provide the benefit promised;

   b. Failing to disclose to Plaintiff and Class members that the EBCI service they purchased was not provided consistently in accordance with the terms advertised and agreed upon;

   c. Allowing Class members to purchase EBCI service during a period when it conferred no benefit; and

   d. Failing to remedy Plaintiff and Class member's' resulting losses.

67. In creating a premium for better Boarding Slots and in advertising EBCI as conferring the benefit of a Boarding Slot that would be ahead of any General Boarding Passenger, Southwest had a duty to disclose the fact that EBCI may not confer the promised benefit in a number of circumstances.

68. Southwest's acts, practices, statements and omissions as set forth herein have deceived and/or are likely to deceive members of the consuming public.

69. As a direct and proximate result of Defendants' unfair, deceptive and illegal business practices, Plaintiff and members of the plaintiff Class have suffered injury in fact and have lost money.

70. Plaintiff reasonably relied on Southwest's representation that EBCI would perform its intended service of automatically checking Plaintiff in and obtaining a Boarding Slot in advance of the General Boarding Passengers group.

71. Southwest, through its acts of unfair competitive, and unfair, deceptive, untrue and misleading advertising, have acquired money from Plaintiff and plaintiff Class members. Thus, Plaintiff and plaintiff Class members request that this Court restore this money to them, enjoin Southwest from continuing to violate Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and order restitutionary disgorgement.

- 12 -

EXHIBIT A-19

DOCUMENT PREPARED ON RECYCLED PAPER

## FIFTH CLAIM FOR RELIEF

**(Statutory False Advertising, Cal. Bus. & Prof. Code §§ 17500, *et seq.*)**

72.  Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 71 as though fully set forth herein.

73.  Southwest's representations, including statements made in Southwest's print advertising, brochures, and all other written and oral materials disseminated by Southwest to promote EBCI, constitute advertising for purposes of this cause of action.

74.  Such advertising contained statements which were false, misleading or which omitted material information which Southwest was under a duty to disclose and which were known or should have been known to Southwest to be false, misleading or deceptive. Southwest advertised its EBCI service that it did not provide and/or did not provide consistently, as the advertising indicated.

75.  As a direct and proximate result of Southwest's misleading advertising, Plaintiff and the members of the Class have suffered injury in fact and have lost money.

76.  Plaintiff reasonably relied on Southwest's representations that EBCI would automatically check Plaintiff in and obtain a Boarding Slot in advance of the General Boarding Passenger group.

77.  Southwest, through its acts of unfair, deceptive, untrue and misleading advertising, have acquired money from Plaintiff and plaintiff Class members. Thus, Plaintiff and plaintiff Class members request that this Court restore this money to them, enjoin Southwest from continuing to violate Cal. Bus. & Prof. Code §§ 17500, *et seq.*, and order restitutionary disgorgement.

78.  The illegal advertising practices described herein present a continuing threat to Plaintiff and members of the Class in that Southwest continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Southwest's conduct will continue to cause irreparable injury to Plaintiff and the Class unless enjoined or retrained.

DOCUMENT PREPARED ON RECYCLED PAPER

EXHIBIT A-20

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Southwest on his behalf and on behalf of the Class as follows:

1. Damages in an amount to be determined at trial;
2. Restitutionary disgorgement in an amount to be determined at trial;
3. A permanent injunction enjoining Southwest from violating the UCL, False Advertising Law and the Consumers Legal Remedies Act with respect to the advertising and sale of EBCI;
4. The costs of suit, including but not limited to, attorneys' fees as allowed by law;
5. Prejudgment and post-judgment interest as allowed by law; and
6. Such other and further relief, in law or in equity, as the Court may deem just and proper.

DATED: February 1, 2011

RACHEL D. STANGER
BRANDON C. FERNALD
**FERNALD LAW GROUP LLP**

By: _____
Brandon C. Fernald

Attorneys for Plaintiff Quinten Fernald members of the proposed Class

DOCUMENT PREPARED ON RECYCLED PAPER

**EXHIBIT A-21**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Southwest Airlines, Co., a Texas corporation; and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Quinten Fernald, individually, and on behalf of all others similarly situated

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CENTRAL DIVISION
2011 FEB -2 AM 10: 3~
SAN DIEGO COUNTY, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego County Superior Court
330 W Broadway
San Diego, CA 92010

**CASE NUMBER:**
*(Número del Caso):*
37-2011-00085003-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brandon C Fernald, 510 W 6th St, Ste 700, Los Angeles, CA 90014

DATE: FEB 02 2011     Clerk, by  *CBeutler*  C. Beutler  , Deputy
*(Fecha)*                *(Secretario)*                       *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A-22**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| FERNALD LAW GROUP LLP<br>RACHEL D. STANGER (SBN 200733)<br>BRANDON C. FERNALD (SBN 222429)<br>510 W 6th St, Ste 700, Los Angeles, CA 90014<br>TELEPHONE NO.: (323) 410-0300   FAX NO.: (323) 410-0330<br>ATTORNEY FOR (Name): Quinten Fernald | CENTRAL DIVISION<br>2011 FEB -2 AM 10: 36<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Quinten Fernald v. Southwest Airlines Co., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ✓ Unlimited   ☐ Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2011-00085003-CU-BC-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ✓ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 5
5. This case ✓ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 1, 2011
Brandon C. Fernald
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT A-23**